THE STATE OF OHIO *v.* COYNE.

(No. 82-TRD-98-1762—Decided April 20, 1983.)

Clermont County Court.

*Mr. John R. Dean,* assistant prosecuting attorney, for plaintiff.
*Mr. Andrew Dennison,* for defendant.

VORIS, J. This matter came on for hearing on defendant's motion to reconsider the court's previous ruling overruling defendant's motion to dismiss.

Defendant, John E. Coyne, admitted

that he removed his Social Security Number from his operator's license. R.C. 4507.30 sets forth that, "[n]o person shall: (A) Display * * * any * * * operator's * * * license * * * knowing the same * * * to have been * * * altered."

Defendant asserts that a mistake of law is a defense to a charge of violation of R.C. 4507.30(A). This court disagrees with defendant's contention. Defendant asserts that since he was mistaken about a decision of the United States Supreme Court he should therefore be excused from his conduct of removing his Social Security Number from his operator's license. Mistake of law is not a defense to this criminal charge, as it is not a defense generally in the criminal law.

Further, defendant contends that he did not "knowingly" alter his license, therefore the charge should be dismissed. The court finds that by his own statement, he admitted altering his license by cutting his Social Security Number from his license. Indeed, defendant has never maintained that his Social Security Number was accidently torn from his license. The court disagrees with the defendant that he did not knowingly alter his license.

Defendant alleges that the Registrar of Motor Vehicles has a duty to disclose the use of the Social Security Number and that he failed to do so in his case. The court finds this contention without merit since defendant voluntarily gave the registrar his Social Security Number in order to regain his operator's license from the bureau. On this occasion, defendant had supplied this information to the bureau under the advice of counsel.

Defendant further argues that since he had made full disclosure to the arresting officer as to his philosophical reasons for altering his license, his motion should be granted. This argument is not applicable at this stage of the proceedings since it is an argument which goes to mitigation and, for the reasons heretofore stated above, does not in this court's opin-

ion constitute a valid basis in support of his motion to dismiss.

Defendant's motion is hereby overruled.

*Motion overruled.*